UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BENDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHAZZARD, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-2253-EFB P<br><br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis and the appointment of counsel.

**I.　Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.　Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it must be dismissed for failure to state a claim. According to the complaint, plaintiff attempted suicide by hanging himself with string on March 9, 2016. ECF No. 1 at 3.[1] Thereafter, defendant

---

[1] For ease of reference, all references to page numbers in the complaint are to those assigned via the court's electronic filing system.

Dr. Shazzad accused plaintiff of concealing additional string in his rectum and asked plaintiff if he could check for it. *Id.* at 4. When plaintiff refused, defendant ordered medical staff to hold plaintiff down and to subdue him with "3 or 4 shots of psychotic medication." *Id.* Plaintiff awoke around twenty minutes later, with his "butt hurting" and "covered in spit and urine." *Id.* at 4-5. Plaintiff claims that the shots were given in order to sedate plaintiff for the "sole purpose of sexually violating" him. *Id.* at 5. Plaintiff alleges he attempted suicide a second time, and was again given "emergency shots" against his will. *Id.* at 5. Plaintiff alleges that the shots were given to "silence" and "medically abuse" him. *Id.* at 6. Plaintiff contends he should have been placed on "1 on 1" suicide watch instead. *Id.* Plaintiff claims that defendants Dr. Shazzad, warden Joe Medina, and the warden of California Medical Facility violated his Eighth and Fourteenth Amendment rights. As set forth below, the allegations fail to state a cognizable claim under the applicable standards.

First, plaintiff fails to state a claim against either of the defendant wardens because he fails to plead any facts showing how either was personally involved in the alleged violation of his rights. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Second, plaintiff has not alleged that the forced medications lacked a legitimate penological purpose, such as preventing imminent serious harm to plaintiff or others. While prisoners have a liberty interest in avoiding the "unwanted administration of antipsychotic drugs," imposing unwanted medical treatment on an inmate does not constitute a due process violation if

3

the treatment is "reasonably related to legitimate penological interests." *Washington v. Harper*, 494 U.S. 210, 221, 223 (1990); *id.* at 225 ("The State has undertaken the obligation to provide prisoners with medical treatment consistent not only with their own medical interests, but also with the needs of the institution. Prison administrators have not only an interest in ensuring the safety of prison staffs and administrative personnel, . . . but the duty to take reasonable measures for the prisoners' own safety."); *see also Runnels v. Rosendale*, 499 F.2d 733, 735 (9th Cir. 1974) ("Allegations that prison medical personnel preformed major surgical procedures upon the body of an inmate, without his consent and over his known objections, that were not required to preserve his life or further a compelling interest of imprisonment or prison security, may [be sufficient to state a cognizable Fourteenth Amendment due process claim]."). By plaintiff's own terms, the shots were administered on an "emergency" basis, as he had just attempted suicide and was resisting staff efforts to prevent another attempt. Given the circumstances alleged, the allegation that plaintiff was forcibly medicated for the purpose of sexual abuse is not plausible in light of plaintiff's other allegations in the complaint.

Third, the allegations are insufficient to state a proper claim for relief under the Eighth Amendment. A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state such an Eighth Amendment claim, a prisoner must allege facts showing that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.* at 834. Plaintiff's scant allegations fail to demonstrate that any particular state actor acted with the requisite deliberate indifference in forcing any medical treatment on plaintiff, or that in doing so, plaintiff was exposed to a substantial risk of serious harm. The allegations thus fail to state a cognizable claim for cruel and unusual punishment.

For an allegedly inappropriate body search to violate the Eighth Amendment, the plaintiff must demonstrate that the search amounted to the unnecessary and wanton infliction of pain. *Jordan v. Gardner*, 986 F.2d 1521, 1525-26 (9th Cir. 1993) (concluding that "momentary

discomfort" is not enough). It is not clear from the complaint whether defendant Shazzad actually followed through with a body cavity search, and if he did, whether that search amounted to the unnecessary and wanton infliction of pain.

Moreover, to succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal

5

theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**IV.    Appointment of Counsel**

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935

F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

**V.  Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's request for the appointment of counsel (ECF No. 3) is denied.
4. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in dismissal of this action for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: August 2, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE